```
                    U.S. DISTRICT COURT
                 NORTHERN DISTRICT OF TEXAS
                          FILED

                         NOV 18 2008

                 CLERK, U.S. DISTRICT COURT
                 By _____
                            Deputy
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID BOLTON | § | |
| Plaintiff, | § § § | |
| vs. | § | NO. _____ |
| LOUISVILLE LADDER, INC. f/k/a LOUISVILLE LADDER GROUP, LLC | § § § § | 2-08CV-209-J |
| Defendants. | § § | |

## COMPLAINT

Plaintiff, David Bolton ("Plaintiff" or "Mr. Bolton"), complaining of and about Louisville Ladder, Inc. f/k/a Louisville Ladder Group LLC ("Defendant" or "Louisville"), files his complaint against Defendant and, based upon personal knowledge or information and belief, alleges the following:

### Parties and Service

1. Plaintiff, David Bolton, is an individual whose address is 1720 South Polk, #2, Amarillo, Potter County, Texas 79102.

2. Defendant, Louisville Ladder, Inc., is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 7719 National Turnpike, Building A, Louisville, Kentucky 40214-4803. Defendant is engaged in the business of manufacturing and selling ladders, more particularly, Model Number L-3211-06 (the "Ladder"), and placing those ladders within the stream of commerce within the State of Texas. Service of process may be effected upon this Defendant by serving its registered agent, CT Corporation System, 350 North St. Paul Street, Dallas, Dallas County, Texas 75201.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds $75,000 and there is complete diversity of parties.

4. This Court has personal jurisdiction over Defendant as Defendant has purposefully availed itself to the opportunity to do business in the State of Texas. Furthermore, it is foreseeable, as a consequence of doing business in the State of Texas, that Defendant could be sued in the State of Texas.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2), as a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## Facts

6. The Ladder is a six foot fiberglass stepladder. The maximum weight suggested for use of the Ladder is two hundred twenty five (225) pounds.

7. On or about November 21, 2006, Mr. Bolton, who weighed approximately 195 pounds, was working on a demolition job at Lights Out Golf, a business located in Westgate Mall in Amarillo, Texas. At that time, Mr. Bolton was employed by Bolton-Gist Construction Company. The job involved a complete renovation of the site. At the time of the accident at issue in this case, Mr. Bolton was involved in tearing down walls. As part of this process Mr. Bolton was required to remove existing trim. In order to accomplish this task it was necessary for Mr. Bolton to use the Ladder. Mr. Bolton, who has been involved in the construction industry for almost thirty (30) years, has extensive experience with using ladders.

8. During the course of removing the trim, Mr. Bolton placed the Ladder under the trim he was removing. Mr. Bolton began climbing the Ladder by placing his right foot on the

first rung of the Ladder. He continued climbing the Ladder one rung at a time keeping his body positioned in the center of the Ladder. When he reached the third rung, Mr. Bolton spread his feet against the rails of the Ladder in order maintain a firm position. While standing in this position, Mr. Bolton was looking up to ascertain the positions of the screws that needed to be removed. As he began to lift his arms to perform this task, he felt the Ladder collapse on the right side, which caused Mr. Bolton to fall off and away from the Ladder.

9. As a result, Mr. Bolton suffered multiple severe injuries, including a fractured skull, severe fractures of both wrists and numerous bruises and contusions. As a result of these severe injuries, Mr. Bolton was admitted to Northwest Texas Hospital on November 21, 2006 where he stayed until December 5, 2006. After his release from Northwest Texas Hospital, he was transferred to Triumph Healthcare where he remained until February 5, 2007. He was subsequently transferred to Amarillo Nursing Center and was finally released on May 14, 2007. In all, Mr. Bolton spent almost six (6) months in care facilities as a result of the failure of the defective Ladder.

## COUNT 1

### Strict Liability Against Louisville For The Faulty Design Of The Ladder

10. Plaintiff incorporates, as though fully set forth, the allegations in paragraphs 1 through 9.

11. While engaged in the design, manufacture and sale of the Ladder, Louisville designed, manufactured, and sold the Ladder, and other like products, to consumers within the stream of commerce. Louisville intended and expected that the Ladder, so introduced and passed on in the course of trade, would ultimately reach a consumer or user in the condition in which it was originally sold.

12. The Ladder in question was defective and unreasonably dangerous at the time it left Louisville's possession, custody, and control, due to defects in the Ladder's design. The Ladder was defective in that it could not withstand Mr. Bolton's weight causing the legs and its supports to bend and collapse when he was engaged in the Ladder's anticipated use.

13. The Ladder was defectively designed so as to render it unreasonably dangerous to Mr. Bolton. A safer alternative design existed at the time the Ladder was manufactured. The safer alternative design would have prevented or significantly reduced the risk of Mr. Bolton's injuries, without substantially impairing the Ladder's utility. Furthermore, the safer alternative design was economically and technologically feasible at the time the Ladder left the control of Defendant by the application of existing or reasonably achievable scientific knowledge.

14. At the time the Ladder was delivered into Mr. Bolton's possession and at all times prior and subsequent to that time until the time of Mr. Bolton's injuries, the Ladder was in substantially the same condition as when it left Louisville's possession.

15. At the time Mr. Bolton was injured, he was using the Ladder in a manner reasonably anticipated and for the purposes for which the Ladder was intended.

16. The defect in the design was a producing cause of Mr. Bolton's injuries and damages set forth more fully below.

## COUNT 2

### Strict Liability Against Louisville For Failure to Warn

17. Plaintiff incorporates, as if fully set forth, the allegations in paragraphs 1 through 16.

18. While engaged in the design, manufacture and sale of the Ladder, Louisville designed, manufactured, and sold the Ladder, and other like products, to consumers within the

stream of commerce. Louisville intended and expected that the Ladder, so introduced and passed on in the course of trade, would ultimately reach a consumer or user in the condition in which it was originally sold.

19. A risk of harm is inherent in the Ladder or a risk of harm may arise from the Ladder's intended or reasonably anticipated use. Louisville knew or should have known about this risk of harm to the product's user when the Ladder was marketed. Louisville failed to warn its consumers of the defect and the defective condition in the design of the Ladder. The failure to warn of this defect, rendered the Ladder in an unreasonably dangerous condition at the time the Ladder left the possession, custody and control of Defendant.

20. Defendant's failure to warn of the defect in the Ladder was a producing cause of Mr. Bolton's injuries and damages set forth more fully below.

## COUNT 3

### Common Law Negligence

21. Plaintiff incorporates, as if fully set forth, the allegations in paragraphs 1 through 20.

22. Louisville breached its legal duty of care in that Defendant was negligent in designing, manufacturing, assembling, testing, and/or inspecting the Ladder prior to delivery into the stream of commerce.

23. Louisville was negligent in failing to adequately instruct users of the Ladder on how to properly operate and maintain the Ladder to reduce the risk of serious injury or death from the use of the product.

24. Louisville's breaches of the legal duty of care was a proximate cause of Mr. Bolton's injuries and damages set forth more fully below.

## COUNT 4

### Res Ipsa Loquitur

25. Plaintiff incorporates, as if fully set forth, the allegations in paragraphs 1 through 24.

26. Plaintiff cannot more specifically allege the acts of negligence on the part of the Defendant because facts in that regard are peculiarly within the knowledge of Louisville. In the alternative, Plaintiff relies on the doctrine of *res ipsa loquitur*. In this regard, Plaintiff will show that the character of the occurrence giving rise to this lawsuit is such that it would not have happened in the absence of negligence, and that the Ladder was manufactured and designed within the exclusive control of Louisville. Thus, Louisville was negligent in failing to use ordinary care in the design and manufacture of the Ladder.

27. Louisville's negligence was a proximate cause of Mr. Bolton's injuries and damages set forth more fully below.

## COUNT 5

### Breach of Implied Warranty of Merchantability

28. Plaintiff incorporates, as if fully set forth, the allegations in paragraphs 1 through 27.

29. In addition, Louisville impliedly warranted to the public generally and specifically to Mr. Bolton, that the Ladder was of merchantable quality and was safe and fit for the purpose intended when used under ordinary circumstances and in an ordinary manner. Louisville was a merchant with respect to the Ladder and the Ladder was not merchantable as warranted because of the design and/or marketing defects.

30. Mr. Bolton suffered the injuries and damages set forth below as a proximate result of the breach of the foregoing warranties.

### Injuries and Damages

31. Plaintiff incorporates, as if fully set forth, the allegations in paragraphs 1 through 30.

32. As a result of the events described above, Mr. Bolton has suffered severe and permanent personal injuries. As a result of these injuries, Mr. Bolton sustained a loss of earnings and earning capacity and will likely sustain future lost earnings and a loss of earning capacity. Mr. Bolton also experienced physical pain and mental anguish and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries. Mr. Bolton also has been caused to incur medical charges and expenses in the past and will in reasonable probability continue to incur medical expenses in the future for treatment of his injuries. Mr. Bolton has also incurred physical impairment in the past and will, in reasonable probability, continue to do so in the future by reason of the nature and severity of his injuries.

### Jury Demand

33. Plaintiff hereby demands trial by a jury on all claims asserted herein.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, David Bolton, respectively prays that the Defendant be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for the Plaintiff and against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court, including attorney's

fees; and for such other and further relief to which Plaintiff may show himself to be entitled, at law or in equity.

Respectfully submitted,

MULLIN HOARD & BROWN, L.L.P.
John G. Turner, III, TSB #20320550
Robert R. Bell, TSB #00787062
Sarah D. Pelley, TSB #24058036
P. O. Box 31656
Amarillo, Texas  79120-1656
(806) 372-5050
(806) 371-6230 Facsimile

*Attorneys for Plaintiff*

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
David Bolton

### DEFENDANTS
Louisville Ladder, Inc. f/k/a Louisville Ladder Group, LLC

(b) County of Residence of First Listed Plaintiff **Potter**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mullin Hoard & Brown, L.L.P., P.O. Box 31656, Amarillo, Texas, 79120, (806) 372-5050

Attorneys (If Known)
Unknown

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1332(a)(1)

Brief description of cause:
Plaintiff injured when defective ladder manufactured by Defendant collapsed.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ EXCESS 75,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/18/2008
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AM00211 AMOUNT 350.00 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____