UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| **DAVID BOLTON** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2-08CV-209-J |
| **LOUISVILLE LADDER, INC. f/k/a** | § | |
| **LOUISVILLE LADDER GROUP, LLC,** | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT, LOUISVILLE LADDER,INC.'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE THE TESTIMONY OF STANLEY KISKA

Respectfully submitted:

*/s/ Francis H. Brown, III, Esq.*
Francis H. Brown, III fbrown@frilot.com
(Tx. Bar # 24026662; and La. Bar #16831)
Eugene Terk eterk@frilot.com
(Tx. Bar # 24028037; and La. Bar #28834)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: (504) 599-8012
Facsimile: (504) 599-8112
- and -
Russell J. Bailey (Tx. Bar # 01536500)
Courtney, Countiss, Brian & Bailey, LLP
1700 Chase Tower
Amarillo, TX 79101
Telephone:     (806) 372-5569 ex. 304
Facsimile:     (806) 372-9761
rbailey@courtneylawfirm.com

**COUNSEL FOR DEFENDANT,
LOUISVILLE LADDER, INC.**

# TABLE OF CONTENTS

**Table Of Authorities** ................................................................................................................ ii

**Kiska's Theory Is Contradicted By Plaintiff's Testimony** ...................................................... 1

**Kiska's Theory Is Not Supported By Affirmative Evidence** .................................................. 3

**Kiska's Methodology Does Not Support His Conclusion Regarding What Constitutes An Unsafe Level Of Racking** ................................................................................ 6

**Kiska's Testimony That The Subject Model Ladder Is Unreasonably Dangerous Is Based Upon Insufficient Facts And Data** .................................................................................. 8

**Kiska's Dvd Exhibit Is Irrelevant, Misleading And Should Be Excluded** ............................. 9

**Conclusion** ................................................................................................................................ 10

**Certificate Of Service** ............................................................................................................. 11

## **TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Davidov v. Louisville Ladder Group, LLC*,
 169 Fed.Appx. 661, 206 WL 616396 (2nd Cir. March 10, 2006) ......................................... 4, 5

*Flock v. Scripto-Tokai Corporation*,
 319 F.3d 231 (5th Cir. 2003) ................................................................................................... 5

*Ray v. Werner Ladder, Inc.*,
 2008 WL 4826310 (W.D. Mo. November 3, 2008) ......................................................... 6, 7, 8

*Walker v. Louisville Ladder, Inc.*,
 2009 WL 307786 (E.D. Tenn. 2009) ................................................................... 6, 7, 8, 9, 10


**FEDERAL RULES**

Fed. R. Evid. 401 ............................................................................................................. 1, 5, 10
Fed. R. Evid. 403 ............................................................................................................. 1, 5, 10
Fed. R. Evid. 702 ............................................................................................................. 1, 5, 10

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DAVID BOLTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | NO. 2-08CV-209-J |
| LOUISVILLE LADDER, INC. f/k/a | § | |
| LOUISVILLE LADDER GROUP, LLC, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANT, LOUISVILLE LADDER,INC.'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO MOTION TO EXCLUDE THE TESTIMONY OF STANLEY KISKA

**DEFENDANT,** Louisville Ladder, Inc. ("Louisville Ladder"), respectfully submits this reply brief to Plaintiff's response to Defendant's motion to exclude the testimony of Stanley Kiska (hereinafter "Kiska" or "Plaintiff's expert"). For the reasons discussed below, Plaintiff has not met his burden to establish that Kiska's testimony satisfies the standards for admissibility under Rules 401, 403 and 702 of the Federal Rules of Evidence. Accordingly, Louisville Ladder's Motion should be granted and Kiska should be precluded from testifying at the trial of this matter.

### KISKA'S THEORY IS CONTRADICTED BY PLAINTIFF'S TESTIMONY

Kiska developed his theory that all standard fiberglass and aluminum stepladders are defective well before he was retained in this case. Irrespective of whether or not this theory fit the facts of Mr. Bolton's accident, Kiska was determined to relate the accident to "inadvertent walking." Once Mr. Bolton's version of events is taken into account, Kiska's theory is irrelevant because Mr. Bolton has testified that the assumptions which underlie Kiska's theory are incorrect.

1

Plaintiff's Reply Brief in Opposition to Louisville Ladder's Motion to Exclude the Testimony of Kiska contends that there is no contradiction between Mr. Bolton's version of events and the theory offered by Kiska. However, Plaintiff's reply brief simply ignores what Mr. Bolton said about the accident when he was interviewed by Plaintiff's expert. During the interview, Mr. Bolton told Plaintiff's expert that he did not think that the ladder "walked" at the time of the accident. (Kiska Deposition, App. p. 167; Bolton Interview, App. p. 018). Undeterred, Kiska simply disregarded what Plaintiff told him in the interview in order to conclude the accident was caused when the ladder "walked."

Kiska's theory assumes, among other things, that one of the legs of the ladder came off the ground approximately one (1) inch when the ladder walked; (2) the ladder therefore shifted from four points of contact with the ground to three points of contact, (3) a subsequent movement by Mr. Bolton shifted the ladder towards the unsupported leg and (4) the resulting instability caused Plaintiff to loose his balance and fall. (Kiska Depo., App. p. 165 and 170). Mr. Bolton's testimony directly rebuts the theory of Plaintiff's expert because Plaintiff plainly testified that all four feet of the ladder stayed on the ground until the unidentified movement which caused the accident occurred and the accident was underway. (David Bolton Depo., App. p. 220).

According to Plaintiff's Opposition Brief, Mr. Bolton's testimony regarding the position of the feet of the ladder should be discounted because Plaintiff was looking upward at the time of the accident. This, according to the Opposition Brief leaves "no possible way for [Plaintiff] to have known that all four legs of the Ladder were on the ground when the accident occurred or right before the accident." (Plaintiff's Opposition Brief, p. 8). The assertion that Mr. Bolton could not have known the ladder walked so as to cause one of the feet of the ladder to come off

2

of the ground is exactly that - - an assertion. Mr. Bolton testified that he did know about the position of the feet of the ladder and that none of the four feet left the ground prior to the unidentified movement which caused the ladder to overturn. In addition to being at odds with Plaintiff's testimony, it is a *non sequitur* to suggest that Mr. Bolton would have to be staring at the feet of the ladder in order to know whether the ladder walked and whether one of the feet of the ladder was raised approximately one inch off of the floor. This speculative assertion incorrectly assumes that Mr. Bolton could not feel the ladder walk or feel the ladder shift from four points of contact to three points of support. There is simply no reliable basis for the suggestion in Plaintiff's Opposition Brief that Mr. Bolton's deposition testimony about the position of the feet is inaccurate.

## KISKA'S THEORY IS NOT SUPPORTED BY AFFIRMATIVE EVIDENCE

Plaintiff's Opposition Brief does not deny that key assumptions of Kiska's theory are unsupported by the physical evidence or fact testimony. There is no evidence that the subject ladder walked. There is no evidence the subject ladder shifted from four legs of support to three legs of contact. There is no factual support for the proposition that one of the legs of the ladder was raised approximately one inch above the floor prior to the accident. Mr. Bolton did not testify that he shifted his weight at the time of the accident.

This lack of factual evidence linking Kiska's theory to the accident is unimportant, according to Plaintiff's Opposition Brief, because Plaintiff only need show there are some consistencies between Mr. Bolton's testimony and Kiska's theory for Kiska's hypothesis to be admissible. The consistencies alleged in Plaintiff's Opposition Brief do not provide a reliable basis for Kiska to attribute Plaintiff's accident to "inadvertent walking." In reality, the supposed consistencies identified by Plaintiff provide no substantive basis for Kiska's opinion. Kiska's

3

"inadvertent walking" theory obviously requires proof that the ladder walked. Yet, according to Plaintiff's Opposition Brief, Kiska's opinion is premised on the assumption that the "Ladder **'walked' or moved**." (Plaintiff's Opposition Brief, p. 5). Plaintiff's Opposition Brief attempts to lower the required causal connection between Kiska's theory and the accident so that any unidentified movement of the ladder entitles Kiska to testify regarding his pre-set theory.

Plaintiff's argument also fails to account for the sequence of events presumed by Kiska's theory. Kiska assumes that the ladder walked causing one leg of the ladder to be lifted approximately one inch above the floor. A subsequent move on the ladder by Mr. Bolton allegedly caused the ladder to shift toward the unsupported foot thereby causing Plaintiff to fall from the ladder. (Kiska Depo., App. 165 and 170). Plaintiff's testimony that the ladder moved at the time of the accident is not consistent with Kiska's theory because there is no evidence of both movement of the ladder causing one leg to be elevated **and** a subsequent shift to the unsupported foot. Plaintiff's testimony that all four feet of the ladder were on the ground until a single movement resulted in the ladder overturning is directly at odds with the two movements of the ladder prior to the accident which are essential to Kiska's theory.

The legal deficiency of the standard for admissibility suggested by Plaintiff was recognized by the Second Circuit in *Davidov v. Louisville Ladder Group, LLC*, 169 Fed.Appx. 661, 206 WL 616396 (2nd Cir. March 10, 2006). The trial court in the *Davidov* had excluded the plaintiff's expert's testimony regarding his theory of racking or walking because it was at odds with the testimony of the plaintiff. *Davidov v. Louisville Ladder Group, LLC,* 2005 WL 486734 *1-3 (S.D.N.Y. 2005). In affirming the ruling of the District Court, the Second Circuit stated:

> We need not decide whether the expert's conclusions were in actual conflict with the uncontradicted evidence; it is sufficient that the evidence in the record (or lack thereof) supports the finding that 'there is simply too great an analytical gap

4

> between the data [in the record] and the opinion proffered' for the former to underpin the ladder. *Joiner*, 522 U.S. at 146, 118 S.Ct. 512.
>
> For the expert's theory of causation to apply to this case, a number of predicate facts need to be established, including that the plaintiff had applied a certain level of force in climbing the ladder, that one rear leg of the ladder had become elevated a certain amount, and that plaintiff had ultimately been dislodged from the ladder by a jolt caused by the rear leg hitting the ground. Plaintiff produced no evidence to prove these facts. On this record, the District Court was entitled to conclude that the expert's opinion, rather than being the product of the reliable application of scientific theory to independently supported facts, was 'little more than speculation.' *Id.*, at *662.

As in the *Davidov* case, there is an analytical chasm between Kiska's theory and the facts which support this theory. Mr. Bolton's testimony that the ladder moved in some unidentified fashion at the time of the accident is not consistent with Kiska's theory in any meaningful way, and certainly does not provide a reliable basis for Kiska to apply his inadvertent walking theory.

    Plaintiff's Opposition Brief argues that no affirmative evidence is needed to prove the predicate facts necessary for Kiska's theory because Texas law allows a plaintiff to prove the existence of a design defect through circumstantial evidence. However, the standards which govern the admissibility of Mr. Kiska's testimony are set forth in Rules 401, 403 and 702 of the Federal Rules of Evidence, not Texas substantive law. The Federal Rules of Evidence do not allow Kiska to present unreliable or irrelevant expert testimony to be presented in the guise of circumstantial evidence. In any event, the circumstantial evidence rule relied upon by Plaintiff is inapplicable in this case, as is made clear by one of the cases cited by Plaintiff, *Flock v. Scripto-Tokai Corporation*, 319 F.3d 231 (5th Cir. 2003). In discussing Texas substantive law, the *Flock* case stated:

> Circumstantial evidence and reasonable inferences therefrom may form a sufficient basis for finding causation … Nevertheless when circumstances are consistent with either of two factual scenarios and one is no more probable than the other, neither can be inferred. *Summers v. Fort Crockett Hotel*, 902 S.W. 2d 20, 25 (Tex. App. Houston 1st Dist. 1995) *citing Litton Industrial Products Inc. v.*

5

> *Gammage*, 668 S.W. 2d 319, 324 (Tex. 1984); *Marshall Fields Stores, Inc. v. Gardener*, 859 S.W. 2d 391, 400 (Tex. App. Houston 1st Dist. 1993) (1) *Id.*, at 237.

In this case, the only evidence presented is that there was some unidentified movement of the ladder prior to Mr. Bolton's fall. Given that Mr. Bolton has testified that all four of the feet of the ladder remained on the ground until this movement occurred and told Plaintiff's expert that he did not think the ladder walked at the time of the accident, the circumstances of Mr. Bolton's accident are at least as consistent with a misuse of the ladder as they are with the accident having resulted from "inadvertent walking." It cannot be inferred that the accident was caused by inadvertent walking simply because the ladder moved in some unidentified fashion before Mr. Bolton lost his balance.

### KISKA'S METHODOLOGY DOES NOT SUPPORT HIS CONCLUSION REGARDING WHAT CONSTITUTES AN UNSAFE LEVEL OF RACKING

Kiska's methodology has been found to be unreliable in two prior cases. See *Ray v. Werner Ladder, Inc.*, 2008 WL 4826310 (W.D. Mo. November 3, 2008) and *Walker v. Louisville Ladder, Inc.*, 2009 WL 307786 (E.D. Tenn. 2009). Plaintiff's Opposition Brief argues that (1) the criticism of Kiska's opinion in the *Ray* and *Walker* cases was limited to excluding Kiska's induced walking test and (2) the *Walker* and *Ray* cases are irrelevant because Kiska did not employ any of the induced walking tests in this case. Plaintiffs are incorrect about the scope of the criticism of Kiska's methodology in *Ray* and *Walker*. Furthermore the problems with Kiska's methodology are not improved simply because Kiska has jettisoned his induced walking test.

Kiska testified in the *Walker* case that he developed his induced walking test to provide a practical way to measure a ladder's resistance to twisting. (Kiska's *Walker* Depo., Reply Appendix p. 9). Kiska opined in the *Walker* case that the ANSI racking test was inadequate

6

because "there is really no connection made [by the ANSI racking test] … that applies to a user using a ladder." (Kiska's *Walker* Depo., Reply Appendix, p. 16). Similarly, in this case Kiska testified that the ANSI racking test "doesn't really relate to a real world use, a real practical use of the ladder." (Kiska Depo., App. 172). Plaintiff's Opposition Brief makes no effort to explain how the ANSI racking test, which was inadequate to form the basis of Kiska's opinion in *Walker*, is somehow now satisfactory to support Kiska's conclusions in this case.

In the *Ray* case the court stated "[Kiska] finds meaning in the vertical distance of the ladder's leg(s) rise, while the standard does not – and nothing in the record demonstrates the meaning he derives is of any value." *Ray v. Werner Ladder, Inc.*, 2008 WL 482630, *2-3 (W. Mo. November 3, 2008). Similarly, in the *Walker* case the court concluded "[Kiska's] subjective belief that there is some correlation between the 'vertical gap' and the ladder's tendency to 'walk' or become unsafe is nothing more than that, a subjective belief." *Walker v. Louisville Ladder, Inc.*, 2009 WL 307786, *7 (E.D. Tenn. Feb. 9, 2009).

The same problems with Kiska's subjective conclusions exist in this case. Kiska has opined that a ladder which racks 3 inches under the ANSI standard is safe, whereas the subject model ladder which deflected 10.4 inches under the ANSI racking test, is somehow unsafe, even though there is nothing in the ANSI standard which supports this conclusion. Instead, the opinion is based on nothing more than Kiska's *ipsi dixit*. In the *Walker* case the court was "especially troubled here by the very small data set generated by Mr. Kiska in forming his opinion." *Id.* at *5. In this case, Kiska has performed a handful of tests in order to conclude that four inches of deflection under the ANSI racking test constitutes the maximum safe level of deflection for a Type II fiberglass stepladder. As in *Walker*, Kiska's subjective belief is the only

7

thing connecting the limited tests performed by Kiska to his conclusion that all standard stepladders are defective.

In both the *Walker* and the *Ray* cases the courts were troubled by the fact that Kiska's conclusions had not been subjected to peer review. Similarly, in this case Kiska has extrapolated conclusions from the ANSI racking test which are not supported by the ANSI standard itself, but he has not presented his proposed modification of the allowable deflection under the ANSI standard to the ANSI A14 committee, submitted it to any publication or sought comments from his peers. In sum, Kiska's opinions should be excluded because he has attempted to use the ANSI racking test to justify a conclusion for which the ANSI racking test was never designed or intended.

### KISKA'S TESTIMONY THAT THE SUBJECT MODEL LADDER IS UNREASONABLY DANGEROUS IS BASED UPON INSUFFICIENT FACTS AND DATA

Kiska reaches the conclusion that the subject model L-3211-06 stepladder is unreasonably dangerous (and indeed that all conventional stepladders are unreasonably dangerous) without performing any evaluation of the risk or danger presented by the product. As such, the methodology by which Kiska has reached his conclusion is based on insufficient data and is therefore unreliable. Plaintiff's Opposition Brief notes that Kiska's expert report cites accident statistics of over 100,000 ladder accidents a year requiring hospital treatment. (Plaintiff's Opposition Brief, p. 23). However, there is no correlation in Kiska's expert report regarding the number of accidents that are attributable to inadvertent walking or even to conventional stepladders. In fact, Kiska acknowledged in his deposition that he had no idea how many ladder accidents would be attributable to "inadvertent walking." (Kiska Depo., App. p. 161).

8

Plaintiff's Opposition Brief also states that Louisville Ladder has received notice of 41 accidents in the last 5 years relating to conventional fiberglass stepladders. (Plaintiff's Opposition Brief, p. 23). However, there is no evidence that any of these accidents are related to "inadvertent walking." In any event, Kiska did not review or rely upon information regarding claims or lawsuits made against Louisville Ladder in reaching his conclusions.

Plaintiff's Opposition Brief also argues that Louisville Ladder received no claims or tripod or platform ladders and that tripod and platform ladders are therefore safer than conventional stepladders. The sales data produced to Plaintiff shows that Louisville Ladder sells a few hundred tripod and platform ladders each year, whereas tens of thousands of just the subject model ladder are sold by Louisville Ladder annually. The sales of tripod and platform ladders are so limited that there is simply insufficient data to say that if tens of thousands of them were sold that there would not be an equal number of accidents. In any event, none of this accident or dales data was considered by Kiska in reaching his opinions and therefore provides no basis to support his methodology in this case.

Kiska has concluded that all standard aluminum and fiberglass stepladders sold in the United States are unreasonably dangerous due to the propensity of inadvertent walking. Plaintiff has made no showing that Kiska has done anything approaching a legitimate risk utility analysis which justifies this conclusion.

### KISKA'S DVD EXHIBIT IS IRRELEVANT, MISLEADING AND SHOULD BE EXCLUDED

Kiska prepared two video clips which attempt to demonstrate how the application of various forces to the ladder result in the ladder walking. (Kiska DVD video demonstration, App. p. 232). An essentially identical video demonstration was excluded in the case of *Walker v. Louisville Ladder, Inc.*, 2009 WL307786 (E.D. Tenn. 2009). Although Plaintiff's Opposition

9

Brief contends that the plaintiff in the *Walker* case was to be allowed the opportunity to lay a foundation for the DVD demonstration in the *Walker* case, Kiska is well aware of the fact that the DVD demonstration in the case was excluded.

The Court should exclude the DVD demonstration in this case as well. Kiska has testified that the demonstration is not a "test" because it has a subjective input rather than applying measured and repeatable loads. (Kiska Depo., App. p. 183). Kiska also testified that he is not putting forth his demonstration as an accident reconstruction because Kiska agrees that he does not know the nature and degree of the movement made by Bolton which caused the ladder to overturn. (Kiska Depo., App. pp. 183-184). In reality, Kiska has never met Plaintiff and has never seen a demonstration of what Plaintiff was doing at the time of the accident. (Kiska Depo., App. 167). As a result, there was no way for Kiska to prepare a demonstration to simulate the movements made by Plaintiff at the time of the accident.

Plaintiff's Opposition Brief argues vaguely that Plaintiff should be allowed at trial to lay an unidentified foundation for the admissibility of the DVD demonstration at trial. However, if a legitimate foundation existed, there is no reason the foundation could not be presented in response to this evidentiary motion. Given Kiska's testimony that the demonstration is neither a test nor an accident re-enactment, it is simply not conceivable that Plaintiff will be able to lay a foundation to establish the relevance of the DVD demonstration outweighs the misleading and prejudicial nature of the demonstration.

## **CONCLUSION**

For the foregoing reasons, Kiska's proposed testimony fails to meet the requirements of Rules 401, 403 and 702 and the *Daubert* evidentiary standard. Louisville Ladder therefore requests the Court issue an Order excluding the testimony of Plaintiff's expert.

Respectfully submitted:

*/s/ Francis H. Brown, III, Esq.*
Francis H. Brown, III fbrown@frilot.com
(Tx. Bar # 24026662; and La. Bar #16831)
Eugene Terk eterk@frilot.com
(Tx. Bar # 24028037; and La. Bar #28834)
FRILOT L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone:  (504) 599-8012
Facsimile:  (504) 599-8112
- and -
Russell J. Bailey (Tx. Bar # 01536500)
Courtney, Countiss, Brian & Bailey, LLP
1700 Chase Tower
Amarillo, TX  79101
Telephone:     (806) 372-5569 ex. 304
Facsimile:     (806) 372-9761
rbailey@courtneylawfirm.com

**COUNSEL FOR DEFENDANT,
LOUISVILLE LADDER, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2009 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John G. Turner, III
Mullin Hoard & Brown, L.L.P.
P.O. Box 31656
Amarillo, Texas  79120-1656
Counsel for Plaintiffs

*/s/ Francis H. Brown, III*
Francis H. Brown, III

11